**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 27 2014, 7:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRYAN M. TRUITT**
Bertig & Associates LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JACKIE ROBSON,                              )
                                            )
    Appellant-Defendant,           )
                                            )
      vs.                      )    No. 64A04-1309-CR-486
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.            )

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Roger V. Bradford, Judge
Cause No. 64D01-1203-FA-3313

**May 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Jackie Robson appeals his sentence for child molesting as a class C felony. Robson raises one issue, which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

FACTS AND PROCEDURAL HISTORY

Robson, who was born in 1963, lived with Melissa, their three children, and Melissa's three children, including her daughters K.R. and M.R., from her previous relationship with Robson's brother. V.S., who was born in September 1998, lived next door to Robson when she was nine or ten years old, and V.S. was friends with K.R. and M.R. One night around Christmas when V.S. was in the fifth grade and nine or ten years old, V.S. was at Robson's home visiting with K.R., Robson was the only adult in the home, and Robson rubbed V.S.'s breasts on the outside of her shirt, put his hand in her pants and touched her vagina, and showed her his penis. A couple of weeks later, when V.S. was sleeping next to K.R., Robson entered the room and asked V.S. if he could touch her. V.S. said no, but Robson touched her, she told him to stop, and Robson left the room. In the summer of 2010, V.S. and her family moved away, and in the summer of 2011, V.S. told her mother what had occurred and the police were contacted.

On March 30, 2012, the State charged Robson with Count I, child molesting of V.S. as a class A felony, and Count II, child molesting of V.S. as a class C felony. On October 11, 2012, the State charged Robson with Count III, child molesting of K.R. as a class A felony, and Count IV, child molesting of M.R. as a class A felony. Following a jury trial, the jury found Robson guilty on Count II, child molesting of V.S. as a class C felony, and not guilty on Count III. The jury was unable to reach unanimous verdicts

2

with respect to Counts I and IV, and the court declared a mistrial with respect to those counts. The court found Robson's criminal history to be an aggravating circumstance, found no mitigating circumstances, and sentenced Robson to eight years in the Indiana Department of Correction ("DOC").

### DISCUSSION

The issue is whether Robson's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

In support of his position that his sentence is inappropriate, Robson contends that the nature of the offense is minimal, that he stopped rubbing V.S. upon her request, that "the conduct was brief and it was the absolute least that could occur to violate the statute," that "[a]nything less and there would be no crime," and that "[t]he crime of conviction is the least of the least." Appellant's Brief at 5. He argues that, contrary to the trial court's finding, his previous convictions do not involve having sex with minors and that his history does not place him as one of the most egregious offenders. Robson also argues that his steady work history and support of his dependents weigh in his favor and that his poor health and ability to comply with and complete probation supports a non-prison sentence. The State maintains that Robson's sentence is not inappropriate,

that his conduct exceeded the requirements for a conviction as he fondled V.S. on different occasions, that he chose a very young victim, that V.S. has exhibited anger issues and began attending therapy, and that he maintained a position of trust over V.S. The State further argues that Robson has an extensive criminal history that began when he was thirteen, including a conviction for performing sexual conduct in the presence of a minor in 2009 for which Robson is a registered sex offender, and that he poses a high risk of recidivism.

Our review of the nature of the offense reveals that, when V.S. was nine or ten years old and in Robson's home in which he was the only adult, Robson rubbed her breasts on the outside of her shirt, put his hand in her pants and touched her vagina, and showed her his penis. When V.S. was sleeping in Robson's home a couple of weeks later, Robson asked V.S. if he could touch her, V.S. said no, he touched her, V.S. told him to stop, and then he left the room. The PSI indicates that V.S.'s mother reported that V.S. has been involved in therapy as a result of the sexual abuse, and described anger issues that her daughter began experiencing following the offenses.

Our review of the character of the offender reveals that the presentence investigation report (the "PSI") provides that Robson's criminal history includes juvenile adjudications for assault with a weapon, auto theft, incorrigibility, and criminal recklessness. The PSI shows that Robson has convictions as an adult for conspiracy to transfer machine guns and semi-automatic handguns, unlawful transfer of a machine gun, and unlawful possession of a handgun having an obliterated identification number in 1993 for which he was sentenced to fifty months with the Federal Bureau of Prisons

4

followed by three years of supervised release, criminal confinement as a class D felony in 2003 under cause number 45G01-0207-FC-89 ("Cause No. 89"), and performing sexual conduct in the presence of a minor as a class D felony in 2009 under cause number 64D02-0807-FD-6651 ("Cause No. 6651") for which he was sentenced to three years in the DOC with two and one-half years suspended to formal probation with standard sex offender conditions including sex offender registration.[1]

The PSI further provides that "Robson worries about where he will live when he is released from incarceration" and that "[h]e apparently will not be able to live, even temporarily, with any of his family members." Appellant's Appendix at 143. The PSI notes that, in addition to his three children with Melissa, Robson has four children from a previous marriage, and that Robson's brother pays child support to Melissa. According to the PSI, Robson earned his GED in 1996 while incarcerated on his federal convictions, he learned auto body and mechanic skills from his father, he has done auto body and mechanic work all of his adult life, he was receiving unemployment benefits prior to his arrest, and he was beginning a new job within a day or two of his arrest. Robson is blind in his right eye, has progressive vision loss in his other eye, and has back pain from prior automobile accident injuries. He received court-ordered sex offender treatment through

---

[1] The court's sentencing order states that the aggravating circumstances are Robson's "criminal history and the fact that the offenses include sex acts with minors." Appellant's Appendix at 112. At sentencing, when noting Robson's criminal history, the trial court stated that "two of those previous felony convictions involved sexual activity involving minors." Sentencing Transcript at 7. The PSI indicates, with respect to Cause No. 89, that Robson was charged with Count I, sexual misconduct with a minor as a class C felony, and Count II, criminal confinement as a class D felony, that Robson was sentenced as noted above on Count II, and that Count I for sexual misconduct with a minor was dismissed. The PSI also indicates that, with respect to Cause No. 6651, Robson was charged with Count I, performing sexual conduct in the presence of a minor as a class D felony, and Count II, dissemination of matter harmful to minors as a class D felony, that Robson was sentenced as noted above on Count I, and that Count II was dismissed.

Project Pro from 2003 to 2005. He reported past occasional use of cocaine between 2009 and 2010. According to the results of the Indiana Risk Assessment Tool, Robson's overall risk assessment score places him in the high risk to reoffend category. The Probation Department recommended that Robson be sentenced for a period of eight years with no portion suspended.

After due consideration of the trial court's decision, we cannot say that Robson has met his burden of showing that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character.

## CONCLUSION

For the foregoing reasons, we affirm Robson's sentence for child molesting as a class C felony.

Affirmed.

VAIDIK, C.J., and NAJAM, J., concur.